UNITED STATES BANKRUPTCY COURT
IN THE WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

PATRIOT SOLAR GROUP LLC,   Case No.: 17-00984
                           Chapter 11 - Filed: 03/06/2017

    Debtor.

_____/ /

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES AND SALARIES AND TO PAY AND HONOR CERTAIN PREPETITION EMPLOYEE BENEFITS AND RELATED OBLIGATIONS**

**NOW COMES** Patriot Solar Group, LLC ("Debtor"), by and through its attorneys, Rayman & Knight, and for its Motion for an Order Authorizing Debtor to Pay Prepetition Wages and Salaries and to Pay and Honor Certain Prepetition Employee Benefits and Related Obligations ("Motion"), states as follows:

## INTRODUCTION

1. On March 6, 2017 ("Petition Date") the Debtor filed for protection under Chapter 11 of the United States Bankruptcy Code ("Code").

2. Since the Petition Date, the Debtor has operated its business as Debtor-in-Possession pursuant to §§ 1107 & 1108 of the Code.

3. No official committee of creditors holding unsecured claims has been appointed and no Trustee or Examiner has been appointed in this case.

4. The Debtor files this Motion pursuant to Fed. R. Bankr. P. 4001 and L.B.R. 4001-3 (W.D.M.).

5. This Court has jurisdiction over this matter relating to this Motion pursuant to 28 U.S.C. §1334(a). This is a core matter pursuant to 28 U.S.C. §157(b)(2)(M). The statutory predicates

for the relief requested herein are Bankruptcy Code §§ 105(a), 363(b), and 507(a). Venue of the Chapter 11 case in the Court is proper pursuant to 28 U.S.C. §§ 1408 & 1409.

6. The Debtor is a major provider of components for the solar power industry.

7. The Debtor has gross sales for 2016 in the approximate amount of $10,290,000.00, it operates nation-wide and employs 17 individuals.

8. The primary line of business conducted by the Debtor is the delivery and installation of mounting hardware for solar energy and key to the Debtor's business is its ability to continue to make on-time delivery of its products to its customers.

9. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## SUMMARY OF EMPLOYEE BENEFITS

11. Debtor pays salaries and wages to its employees and on occasion reimburses employees for certain expenses incurred on behalf of the Debtor, and provides vacation and sick time ("Employee Compensation"). The Debtor also offers health insurance but there is no pre-petition portion owed for any employee.

12. The Employee Compensation which is owed as of the Petition Date to be included in the next payroll of March 17, 2017 totals approximately $28,000.00 and covers the time period of February 27, 2017 through March 10, 2017, this amount includes 17 employees. In addition, employees have accrued a total of 323 vacation hours and 209.5 hours of sick time ("Employee Claims").

## RELIEF REQUESTED

13. It is critical that Debtor be permitted to continue to pay and honor all Employee Compensation and pay the Employee Claims, and all costs and expenses due for the administration, servicing, and processing of the same. Accordingly, Debtor is requesting that the Court approve, on an emergency basis, payment of the Employee Claims and related third-party expenses and costs. The Debtor's next payroll is due March 16, 2016.

14. Debtor anticipates that it will have sufficient funds to pay the Employee Claims and requests that the Court authorize and direct Debtor's banks to honor all checks issued and fund transfers requested in respect to the Employee Claims, and related third-party expenses and fees.

## BASIS FOR RELIEF REQUESTED

15. Bankruptcy Code § 507(a) grants a priority claim for wages, salaries, and commissions, including vacation and sick leave pay, earned by an individual within 180 days before the filing of a bankruptcy petition, up to $12,850.00 for each individual. *See*, 11 U.S.C. § 507(a)(4).

16. In addition, Bankruptcy Code §507(a) grants a priority claim for contributions to employee benefit plans arising from services rendered within 180 days before the filing of a bankruptcy petition, to the extent that the $12,850.00 limit for all employees in the aggregate on priority wage claims is not reached. 11 U.S.C. § 507(a)(5).

17. Many courts, including courts in this District, have recognized the importance of paying prepetition wages and benefits and have granted relief similar to the relief requested in this Motion. *See, e.g.*, *In re Great Lakes Comnet, Inc.*, Case No. 16-00290 (JTG), Doc. No. 56 (Bankr. W.D. Mich. Jan. 27, 2016); *In re Family Christian, LLC*, Case No. 15-00643 (JTG), Doc. No. 107 (Bankr. W.D. Mich. Feb. 19, 2015); *In re Arrow of Michigan, Inc.*, Case No. 14-06240 (JWB),

Doc. No. 25 (Bankr. W.D. Mich. Sept. 29, 2014.); *In re Aurora Oil & Gas Corp.*, Case No. 09-08254 (SWD), Doc. No. 207 (Bankr. W.D. Mich. Aug. 11, 2009).

18. Furthermore, Bankruptcy Code § 105(a) empowers the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," and a court may use its equitable powers to authorize payment of prepetition claims when needed to preserve the going concern value of a debtor's business. *See, e.g.*, *In re Lehigh & NewEngland Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (noting the "necessity of payment" doctrine "permit[s] immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid") (citations omitted).

19. Bankruptcy Code § 363(b) also supports granting Debtor the relief requested herein. Bankruptcy Code § 363(b), provides that Debtor may use property of the estate outside of the ordinary course of business if that use is a sound exercise of a debtor's business judgment. *See*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wages pursuant to Bankruptcy Code § 363(b)). Courts in this district have relied on Section 363(b) to authorize payment of pre-petition claims. *See, e.g.*, *In re Aurora Oil & Gas Corp.*, Case No. 09-08254 (SWD), Doc. No. 207 (Bankr. W.D. Mich. Aug. 11, 2009); *In re Second Chance Body Armor, Inc.*, Case No. 04-12515 (SWD), Doc. No. 22 (Bankr. W.D. Mich. Oct. 20, 2004).

20. Debtor's employees are dependent upon their wages, salaries, and benefits. If Debtor's employees are not paid, or their benefits are altered or terminated, Debtor's employees will be forced to endure significant hardships.

21. Failure to grant the requested relief will severely undermine the morale of Debtor's employees and impair Debtor's business operations in this bankruptcy case.

22. Accordingly, for the reasons set forth above, Debtor submits that granting the relief requested herein and granting an order authorizing Debtor to pay the Employee Compensation, Employee Claims, and related costs and expenses is in the best interests of the Debtor, its creditors, and other parties in interest.

## SATISFACTION OF BANKRUPTCY RULE 6003

23. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Debtor submits that for the reasons set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to Debtor. Therefore, Bankruptcy Rule 6003 is satisfied to the extent that it is applicable.

## WAIVER OF ANY APPLICABLE STAY

24. Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The relief that Debtor seeks in this Motion is only effective if it is granted with immediate effect to allow Debtor to continue to operate its business without interruption and preserve the value for the bankruptcy estate. Accordingly, Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

25. Nothing in the proposed Order or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to §365 of the Bankruptcy Code or an admission as to the validity of any claim against Debtor and its estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of Debtor and its estate with respect to the validity, priority, or amount of any claim against Debtor and their estates; or (iii) shall be construed as a promise to pay a claim.

**WHEREFORE** the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Respectfully submitted,

**RAYMAN & KNIGHT**
Attorneys for Debtor

Dated:  March 8  2017          By:      /s/_____
                                      Steven L. Rayman (P30882)
                                      Cody H. Knight (P64811)

BUSINESS ADDRESS:
141 East Michigan Avenue, Suite 301
Kalamazoo, MI  49007
Telephone: (269) 345-5156